MENASHA WOODEN WARE COMPANY, Respondent, vs. MITCH-
ELSTETTER and another, Appellants.

*February 22—March 14, 1911.*

*Sales: Construction of contract: Specific quantities.*

1. Plaintiff, after examination, bought from defendants certain ma-
chinery and also a mass of raw material the exact amount of
which could not be determined by inspection. The bill of sale
specified the quantities, including "620 cords of 13-inch pail
staves at $3 per cord, valued and sold at $1,860," and "1,200
cords of 26-inch bolts, which is equal to 2,400 cords of 13-inch
staves, valued and sold at $3 per cord, $7,200." *Held*, that the
quantities so specified were binding on the defendants and could
not be treated as mere estimates.

2. There being conflicting evidence as to whether or not the 1,200
cords of 26-inch bolts in fact made 2,400 cords of 13-inch staves,
a construction of the contract by the trial court as requiring de-
fendants only to deliver the 1,200 cords of bolts and not as war-
ranting the number of staves that would be produced therefrom,
was as favorable to defendants as the terms of the contract will
permit.

APPEAL from a judgment of the circuit court for Brown
county: S. D. HASTINGS, Circuit Judge. *Affirmed.*

Action to recover purchase price of goods paid for but not
delivered. On May 15, 1901, plaintiff bought of the defend-
ants goods described in the contract of purchase as follows:

One (1) bottom lathe.
One (1) rotary matcher.
The remains of pail lathe, which consists of stands and
spindles.

| | |
|---|---:|
| Four boxes of stave saws | $1,000 00 |
| 620 cords of 13-inch pail staves at $3 per cord, valued and sold at | 1,860 00 |
| 1,200 cords of 26-inch bolts, which is equal to 2,400 cords of 13-inch staves, valued and sold at $3 per cord | 7,200 00 |
| 15 tons, 1,300 lbs. of 5–8 No. 23 gauge hoop irons at $3 per hundred lbs., valued and sold at | 930 00 |
| All of the heading in pile at Seymour at that date, valued and sold at | 250 00 |
| 100 dozen 30-lb. Taper candy pails, valued and sold at | 125 00 |
| Making a total of | $11,365 00 |

The full purchase price was paid to the defendants before the goods were delivered, and after delivery plaintiff claimed there was a shortage in the 620 cords of thirteen-inch staves, in the 1,200 cords of twenty-six-inch bolts, and in the 100 dozen candy pails.   It admitted that the defendants had performed extra work in and about the bolts, at its request, of the agreed value of $173.21, which sum should be deducted from the amount found due to it.   Defendants pleaded full performance of the contract, and admitted that the amount of $173.21 for extra work stated in plaintiff's complaint was correct.   A jury was waived.   The court found as to the shortage:

"That there was, at the time said contract and bill of sale were executed and said sum paid, at Seymour all of the property described therein, except the staves and bolts and pails, and that there were but 579 cords of 13-inch staves there at that time; and there were there at that time but 1,050 cords of 26-inch bolts; and there were there at that time but 93 7-12 dozen of said pails.

"That said plaintiff paid to said defendants (included in said $11,365) for forty-one cords of staves at $3 per cord, which were not at Seymour as represented and which the plaintiff never received, the sum of $123; and for 150 cords of 26-inch bolts at $6 per cord, which were not at Seymour as represented by said defendants and which the plaintiff never received, the sum of $900; and paid said defendants for 6 5-12 dozen pails which were not at Seymour as represented by said defendants and which said plaintiff never got, the sum of $8.05."

As conclusions of law the court found:

"1. That by their said contract and bill of sale said defendants passed to said plaintiff the title to so much of the articles described in it as were at Seymour at the time of the execution and delivery.

"2. That by the terms of said contract the defendants guaranteed to said plaintiff that there was at Seymour at that time all of the articles described therein.

"3. That said staves and bolts were bought and sold at an agreed price per cord, viz.: the staves at $3 per cord and said bolts at $6 per cord, and said pails were bought and sold at $1.25 per dozen.

"4. That the plaintiff is entitled to recover from said defendants for so much of said goods as it paid for, which were not at said time at Seymour and which it never received, viz.:

| | |
|---|---:|
| For staves................................... | $123 00 |
| For bolts.................................... | 900 00 |
| For pails.................................... | 8 05 |
| Total .................................... | $1,031 05 |
| Less amount of counterclaim.................. | 173 21 |
| | $857 84 |

"And that the plaintiff is entitled to interest on said amount at six per cent. per annum from May 15, 1901, making the total amount for which the plaintiff is entitled to judgment $1,202.20; and it is ordered that judgment be entered for said plaintiff against said defendants for $1,202.20 and costs to be taxed by clerk."

From a judgment entered accordingly the defendants appealed.

*A. M. Spencer,* for the appellants.
*Silas Bullard,* for the respondent.

VINJE, J.    The main contention of the defendants is that the court erred in construing the contract to call for the delivery of specific quantities of materials, and especially as to the 1,200 cords of twenty-six-inch bolts equal to 2,400 cords of thirteen-inch staves.    It is argued that inasmuch as the evidence shows that Mr. Noble, who represented the plaintiff, went to Seymour before the contract was entered into and inspected the material purchased, it was a sale and purchase of whatever material was there and not of specific quantities; that the quantities set out in the contract, especially as to the 2,400 cords of thirteen-inch staves, were mere estimates.    It will be observed from the findings of the trial court that it

did not construe the contract to require the defendants to fur-
nish 2,400 cords of thirteen-inch staves, but that it did re-
quire them to furnish 1,200 cords of twenty-six-inch bolts.
In holding that the defendants were required to deliver the
quantities specified in the contract, the trial court was un-
doubtedly right. A mass of raw material, amounting in
value to about $10,000, aside from the machinery, was pur-
chased. No one by a mere inspection, no matter how minute,
could estimate the exact amount thereof, and hence the
amounts bought and sold were inserted in the contract, and
the quantities therein named became binding upon the par-
ties. The plaintiff, having paid for the total quantities
called for by the contract, was entitled to a delivery of the
same, or, in case of a default in delivery of it, if it so elected,
to a refund of the purchase price of the material not deliv-
ered. *Ingram v. Rankin,* 47 Wis. 406, 2 N. W. 755.

A great deal of evidence was introduced on the question as
to whether or not the 1,200 cords of twenty-six-inch bolts
made 2,400 cords of thirteen-inch staves. In our view of the
case this becomes immaterial, because the trial court, as be-
fore stated, held the contract called only for the delivery of
1,200 cords of bolts. It is true that, in arriving at the num-
ber of cords of bolts actually delivered, recourse was had to
the number of cords of staves delivered, but the trial court
in reaching the amount of shortage in bolts did so solely upon
the basis of what a cord of bolts as it existed in defendants'
yard at Seymour actually did produce in staves, and not upon
the basis of what it might be claimed it should produce as per
contract, namely, two for one. So defendants were relieved
from any warranty as to the number of staves that would be
produced from the 1,200 cords of bolts and held only to the
duty of delivering the 1,200 cords which the contract called
for. They certainly are in no position to successfully attack
such a construction of the contract. It is as favorable to
them as the terms thereof will permit.

It is also urged that the findings of the trial court are not supported by the evidence. The court found there was a shortage, as follows: 41 cords of staves at $3 per cord, $123; 150 cords of 26-inch bolts at $6 per cord, $900; 6 5-12 dozen candy pails at $1.25, $8.05; and in doing so it is evident the court did, as stated in its opinion, resolve every doubt in favor of the defendants. Not only are the findings supported by the evidence, but we think, from a careful perusal of it, that they are in accordance with the preponderance thereof. Defendants, therefore, fall far short of showing themselves entitled to a reversal of the judgment on that ground. *Daubner v. McFarlin,* 136 Wis. 515, 117 N. W. 1002.

*By the Court.*—Judgment affirmed.